**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION**

| | | |
|---|---|---|
| **RENZ LAND & CATTLE CO., LLC,** | § | |
| **PLAINTIFF,** | § | |
| | § | |
| **V.** | § | **CASE NO.** |
| | § | **JURY DEMANDED** |
| **MNA CO. LTD., and** | § | |
| **DANIEL ALEXANDER,** | § | |
| **DEFENDANTS.** | § | |

## ORIGINAL COMPLAINT

1.      Plaintiff RENZ LAND & CATTLE, LLC ("Plaintiff" or "Renz"), alleges as follows against Defendant MNA ENTERPRISES LTD CO. ("MNA"), and Daniel Alexander ("Alexander") and respectfully shows the Court:

## I. PARTIES

2.      Plaintiff is a Texas limited liability company with its principle place of business at 636 W. San Saloman Rd., Balmorhea, Reeves County, Texas. The sole member of Renz, Jesse Renz ("Jesse") is a citizen of the state of Texas.

3.      Defendant MNA is a New Mexico limited liability company with its principle place of business at 106 W. Alabama, Hobbs, New Mexico, 88240. MNA is conducting business in the State of Texas, is required by statute to designate or maintain a resident agent, and has failed to do so.  Upon information and belief, Daniel Alexander is the sole member of MNA, and he may be served with process on behalf of MNA.

4.      Defendant Daniel Alexander is a citizen of the state of New Mexico and may be served with process at 106 W. Alabama, Hobbs, New Mexico, 88240.

## II. JURISDICTION AND VENUE

6.     This Court has jurisdiction over this civil action because this action arises from federal question jurisdiction under 15 U.S.C. §1331; 15 U.S.C. § 77a *et seq.* and 15 U.S.C. § 78a *et seq.* The Court also has supplemental jurisdiction under 28 U.S.C. §1367 over Plaintiff's claims under Texas law against Defendants because Plaintiff's claims are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy under Article 3 of the United States Constitution. Diversity jurisdiction also exists in this civil action under 28 U.S.C. § 1332(a) because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is a controversy between citizens of different states. Venue is proper in this district under 28 U.S.C. §1391(a) because it is a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

## III. CONDITIONS PRECEDENT

7.     All conditions precedent have been performed or have occurred.

## IV. FACTUAL BACKGROUND

8.     On or about December 16, 2016, Jesse Renz ("Jesse"), the principal of Renz, responded to an online advertisement for the sale of working interests in several wells in Garza County, Texas. These wells were the Prometheus 28 Unit #1H ("Prometheus"), the Wollam Ranch 10 #1H ("Wollam"), and the Justice Heirs #3A SWD. He was directed to Daniel Alexander, the President of MNA. Alexander told Jesse via telephone that he was selling some of his interest in the wells in order to raise capital to make improvements to the infrastructure on the properties. Alexander represented that these improvements would allow for the handling and disposal of water and would substantially increase the production of the wells. Alexander said that with Renz's investment of $287,000 for a 14% working interest, he would be able to increase production on

the Prometheus well from approximately 45 barrels per day to a minimum of 100-150 barrels per day. He also stated that he would be able to bring the Wollam well back online at approximately 100 barrels per day within 60 days of Renz's investment. Alexander also represented that Renz would be able to write off 100% of this investment for tax purposes.

9.      To this point, Jesse had no experience investing in oil and gas properties. He consulted with his accountant and an independent petroleum engineer, Adam Praisner, who was a family friend. After visiting the property, Praisner recommended that Jesse invest in the property. However, Praisner did not tell Jesse that sometime after the visit and prior to Jesse's investment, he struck a deal with Alexander to market the property for sale and earn a commission from MNA on the sale of the property.

10.     Jesse's accountant advised that the purchase of a working interest in a producing oil and gas well would not ordinarily be tax-deductible. He also advised that without an Authority for Expenditures ("AFE") in place, MNA would be under no obligation to ensure that Renz's investment was used for the purposes that Alexander represented it would be used for. The accountant advised structuring the purchase so that MNA would be obligated to use the purchase funds to make the improvements that Alexander represented would be made.

11.     Taking his accountants advice, Renz agreed to invest, provided that the purchase price for the 14% interest would be $14,000 and the remainder of the purchase money would be paid pursuant to an AFE. Alexander agreed. On December 29, 2016, MNA issued an AFE. Renz advised Praisnar that he would have his attorney review the AFE and proposed assignments of interest prior to investing. Before Renz's attorney had an opportunity to review the AFE, Praisnar called Renz and informed him that he had another buyer who was on the way to Alexander's office

ready to purchase the interest. Praisnar let Renz know that if he did not make the purchase immediately, Alexander would sell to this other investor.

12.     Feeling the pressure of potentially losing out on what he perceived to be an excellent purchase, Renz decided to invest without obtaining the advice of his attorney.

13.     MNA never checked to see whether Renz was an "accredited investor" as that term is defined by 17 C.F.R. 230.501. Jesse was not an "accredited investor," thus, because he was the sole member of his entity, Renz Land and Cattle, LLC was also not an accredited investor. 17 C.F.R. 230.501(a)(8).

14.     Nearly one year after Renz's investment, the promised improvements to the fields have not been made. Additionally, production is nowhere near the promised minimum of 100 barrels per day on two wells.

15.     Renz has made demand for the return of its investment, however MNA has failed and refused to return Renz's investment funds.

## V. CLAIMS FOR RELIEF

### A.     COUNT 1 – COMMON-LAW FRAUD

16.     Pursuant to Federal Rule of Civil Procedure 10(c), Plaintiff re-alleges and incorporates by reference each of the allegations made above as though the allegations were fully set forth herein.

17.     Defendants MNA and Alexander represented to Plaintiff that monies invested in the oil wells at issue would be used by these Defendants to improve production on the above-referenced wells. Defendants further represented to Plaintiff that the wells at issue were producing wells and capable of large amounts of production. These Defendants also represented to Plaintiff that they were competent and honest oil and gas operators, and would work to maximize the return on Plaintiff's investment.

18.     The representations discussed in the preceding paragraph were material in that a reasonable person would have taken them into account in deciding whether to make the investment Defendants solicited.

19.     The representations were false. When these Defendants made the representations, such Defendants knew the representations were false or made them recklessly, as a positive assertion, without knowledge of their truth. Defendants made the representations with the intent that Plaintiff act on them by tendering investment monies.

20.     Plaintiff in fact relied on the misrepresentations by providing $300,000 in investment money to be used for oil and gas interests.

21.     Defendants' misrepresentations each have caused foreseeable economic damages to Plaintiff.

## B.     COUNT 2—STATUTORY FRAUD

22.     Pursuant to Federal Rule of Civil Procedure 10(c), Plaintiff re-alleges and incorporates by reference each of the allegations made above as though the allegations were fully set forth herein.

23.     Defendants MNA and Alexander represented to Plaintiff that monies invested in the oil wells at issue would be used by Defendants to improve production. Defendants further represented to Plaintiff that the wells at issue were producing wells and capable of large amounts of production.  These Defendants also represented that they were competent and honest oil and gas operators, and would work to maximize the return on Plaintiff's investment.

24.     The representations as discussed in the preceding paragraph were false and were made for the purpose of inducing Plaintiff to enter into a contract.

25.     Plaintiff relied on the misrepresentations by entering into the contract and providing $287,000 in investment money to be used for oil and gas interests. Thus, the transaction at issue involved real property.

26.     Defendants' misrepresentations each have caused foreseeable economic damages to Plaintiff.

## C.     COUNT 3—VIOLATIONS OF SECTION 10(b) OF THE SECURITIES EXCHANGE ACT AND RULE 10B-5.

27.     Pursuant to Federal Rule of Civil Procedure 10(c), Plaintiff re-alleges and incorporates by reference each of the allegations made above as though the allegations were fully set forth herein.

28.     Defendants MNA and Alexander, directly or indirectly, singly or in concert with others, in connection with the purchase or sale of securities, by use of the means and instrumentalities of interstate commerce and by the use of the mails have: (a) employed devices, schemes, and artifices to defraud; (b) made untrue statements of a material fact or failed to make true statements, necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and (c) engaged in acts, practices, and courses of business which operate or would operate as a fraud and deceit upon purchasers of securities, prospective purchasers of securities, and any other persons, including Plaintiff.

29.     As a part of and in furtherance of their scheme, Defendants MNA and Alexander, directly and indirectly, prepared, disseminated, or used contracts, written offering documents, promotional materials, investor and other correspondence, and oral presentations, which contained untrue statements of material facts and misrepresentations of material facts, and which omitted to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading.

30.    Defendants MNA and Alexander made the above-referenced misrepresentations and omissions knowingly or with severe recklessness regarding the truth.

31.    By reason of the foregoing, these Defendants violated Section 10(b) of the Exchange Act and Rule 10b-5 thereunder.

32.    Plaintiff provided monetary investments to these Defendants, at the inducement of Defendants, in the amount of $287,000, under the guise of an investment opportunity.  These Defendants made material, false representations to Plaintiff in soliciting the investment.

33.    Defendants MNA and Alexander made these representations knowing that the representations were false at the time they were made.  Alternatively, these Defendants each made these representations recklessly and without knowledge of the truth of such statements and as positive assertions.

34.    Defendants MNA and Alexander made said representations with the intent that Plaintiff act on those representations and enter into the investment relationships into the joint ventures described above.

35.    Plaintiff relied on the false representations made by Defendants MNA and Alexander in entering into these investment relationships.

36.    Defendants' representations each have caused foreseeable economic damages to Plaintiff.

## D.    COUNT 4 – VIOLATIONS OF SECTION 17(a) OF THE SECURITIES ACT

37.    Pursuant to Federal Rule of Civil Procedure 10(c), Plaintiff re-alleges and incorporates by reference each of the allegations made above as though the allegations were fully set forth herein.

38.     Defendants MNA and Alexander, directly or indirectly, singly or in concert with others, in the offer or sale of securities, by use of the means and instrumentalities of interstate commerce and by the use of the mails have:  (a) employed devices, schemes, and artifices to defraud; (b) obtained money or property by means of untrue statements of a material fact and omitted to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and (c) engaged in transactions, practices, and courses of business which operate or would operate as a fraud and deceit upon the Plaintiff.

39.     As a part of and in furtherance of their scheme, Defendants MNA and Alexander, directly or indirectly, prepared, disseminated, or used contracts, written offering documents, promotional materials, investor and other correspondence, and oral presentations, which contained untrue statements of material facts and misrepresentations of material facts, and which omitted to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading, including, but not limited to, facts as set forth in Paragraphs 8-9 above.

40.     With respect to violations of Sections 17(a)(2) and (3) of the Securities Act, these Defendants were negligent in their actions regarding the representations and omissions alleged herein.  With respect to violations of Section 17(a)(1) of the Securities Act, the Defendants made the above-referenced misrepresentations and omissions knowingly or with severe recklessness regarding the truth.

41.     By reason of the foregoing, these Defendants have violated Section 10(b) of the Exchange Act [15 U.S.C. §78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5].

E.      **COUNT 5 – Violation of Section 12(a)(1) of the Securities Act**

42.      Pursuant to Federal Rule of Civil Procedure 10(c), Plaintiff re-alleges and incorporates by reference each of the allegations made above as though the allegations were fully set forth herein.

43.      A non-operating working interest in oil and gas properties constitutes a security.

44.      The security sold to Plaintiff was not registered pursuant to the Securities Act, 15.U.S.C. § 77a.

45.      Defendants MNA and Alexander violated Section 12(a)(1) of the Securities Act by making use of instruments of communication, namely interstate telephone calls and email, in interstate commerce to sell an unregistered security.

46.      At all relevant times, Renz was not an accredited investor within the meaning of 17 C.F.R. § 230.501. Thus, no exemption to the general registration requirement existed.

47.      By reason of the foregoing, Defendants have violated Section 12(a)(1) of the Securities Act [15 U.S.C. §77l(a)(1).

F.      **COUNT 6—Texas Deceptive Trade Practices Act ("DTPA"): Misrepresentation**

48.      Pursuant to Federal Rule of Civil Procedure 10(c), Plaintiff re-alleges and incorporates by reference each of the allegations made above as though the allegations were fully set forth herein.

49.      Plaintiff is a consumer under the DTPA in that it is a limited liability company whose assets are less than $25,000,000.00 and because it is not controlled by a corporation or entity with assets of $25,000,000 or more. Defendant MNA is a limited liability company and Defendant Alexander is an individual, thus, both are persons subject to the Texas Deceptive Trade

Practices – Consumer Protection Act, Tex. Bus. & Com. Code § 17.41, et seq. ("DTPA") and can be sued under the DTPA.

50.     Defendants MNA and Alexander violated the DTPA when they misrepresented to Plaintiff that the monies he invested would be used to improve infrastructure on oil wells in order to improve their production. These Defendants also misleadingly told Plaintiff that they were competent and honest operators, and that they would work diligently to maximize Plaintiff's investment returns. These Defendants made these misrepresentations to induce Plaintiff to enter into the transaction, and Plaintiff relied on these misrepresentations. Therefore, Defendants' misrepresentations were in connection with the transaction at issue.

51.     Defendants' misrepresentations were a producing cause of Plaintiff's injuries. Plaintiff seeks treble damages against Defendants under the DTPA.

## G.     COUNT 7—DTPA: Breach of Warranty

52.     Pursuant to Federal Rule of Civil Procedure 10(c), Plaintiff re-alleges and incorporates by reference each of the allegations made above as though the allegations were fully set forth herein.

53.     Plaintiff is a consumer under the DTPA in that his assets are less than $25,000,000.00 and because Plaintiff is an individual who sought to purchase oil and gas interests. Alexander is an individual and MNA is a corporation, thus, both are persons subject to the DTPA and can be sued under the DTPA.

54.     These Defendants expressly warranted to Plaintiff that the investments at issue were sound investments and that any money invested would be used to improve oil production on the leases at issue. Defendants breached this warranty.

55.    Defendants' breach of warranty was a producing cause of Plaintiff's injuries. Plaintiff seeks treble damages against Defendants under the DTPA.

**H.    COUNT 8 — CONVERSION**

56.    Pursuant to Federal Rule of Civil Procedure 10(c), Plaintiff re-alleges and incorporates by reference each of the allegations made above as though the allegations were fully set forth herein.

57.    Defendants converted Plaintiff's property, consisting of Plaintiff's money which he gave in exchange for Plaintiff's mineral interests.

58.    Defendants, who acquired possession of Plaintiff's investment money lawfully, wrongfully exercised dominion and control over the property when Defendants did not use the property for the intended purpose. Defendants' wrongful acts proximately caused injury to Plaintiff, which resulted in damages for the loss of his property.

59.    Plaintiff seeks unliquidated damages within the jurisdictional limits of the Court. Plaintiff's injury resulted from Defendants' malice or actual fraud, which entitles Plaintiff to exemplary damages under Texas Civil Practices & Remedies Code §41.003(a).

## VI. ALEXANDER'S VICARIOUS LIABILITY

**A.    Alexander Caused the Corporate Form To Be Used To Perpetrate an Actual Fraud on the Plaintiff for Alexander's Personal Gain.**

60.    Pursuant to Federal Rule of Civil Procedure 10(c), Plaintiff re-alleges and incorporates by reference each of the allegations made above as though the allegations were fully set forth herein.

61.    Alexander engaged in communications and conduct with respect to Plaintiff that were dishonest of purpose and intended to deceive. Alexander used the corporate form of MNA to perpetrate this fraud, and Alexander perpetrated an actual fraud on Plaintiff for his own benefit.

**B.**     **The Corporate Form Was Organized and Operated As a Mere Tool or Business Conduit of Another.**

62.     Pursuant to Federal Rule of Civil Procedure 10(c), Plaintiff re-alleges and incorporates by reference each of the allegations made above as though the allegations were fully set forth herein.

63.     Alexander has a financial interest, ownership, or control of MNA.

64.     There is such a unity between Alexander and MNA, that the separateness of the corporation has ceased.

65.     Holding only the corporation liable would result in the injustice of leaving the Plaintiff with an uncollectible judgment against the corporation while allowing the corporation's alter ego, Alexander, to go free. Thus, it is proper for Alexander to be sued individually.

## VII. ATTORNEYS' FEES

66.     In accordance with the Texas Civil Practice & Remedies Code, the Texas Business and Commerce Code, and the DTPA, Plaintiff is entitled to recovery of the reasonable and necessary attorney fees incurred in these proceedings. Plaintiff prays for such recovery.

## VIII. PRAYER

67.     WHEREFORE, premises considered, Plaintiff respectfully requests that the Court set this case for trial and that the Court grant Plaintiff the following relief against Defendants, jointly and severally, as follows:

1.     Compensatory damages to be proven at trial;

2.     Exemplary, treble and statutory damages to be proven at trial;

3.     Attorneys' fees and costs of suit;

4.     Pre-judgment interest at the maximum rate allowed by law; and

5.     Such other and further relief as the Court deems just and proper.

Respectfully submitted,


By: /s/ Aaron M. Pier
    Aaron M. Pier
    State Bar No. 24041694
    apier@bustoslawfirm.com
    Matthew N. Zimmerman
    State Bar No. 24100386
    mzimmerman@bustoslawfirm.com
BUSTOS LAW FIRM, P.C.
P.O. Box 1980
Lubbock, Texas 79408-1980
(806) 780-3976
(806) 780-3800 FAX

ATTORNEYS FOR PLAINTIFF